### THE FLORENCE.

### THOMAS v. THE FLORENCE.

#### (Circuit Court of Appeals, Second Circuit. January 8, 1896.)

ADMIRALTY APPEALS—SALVAGE AWARDS.

> The amount of a salvage award will not be changed by an appellate court, except in an exceedingly strong case of abuse or palpable mistake in the exercise of discretion.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel in rem by William Thomas, master of the steamship Parkmore, for himself and others, against the steamship Florence, to recover compensation for salvage services. The district court made a salvage award of $8,500, with an additional sum for expenses. See 65 Fed. 248, where the facts will be found stated at length in the opinion rendered by Brown, District Judge. From this decree the libelant appeals, claiming that the award was not sufficient in amount.

Evarts, Choate & Beaman (Treadwell Cleveland, advocate), for appellant.

Wing, Putnam & Burlingham (Harrington Putnam, advocate), for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. We should have been better satisfied with a somewhat larger award in this case than was allowed by the court below, but cannot find that it was so manifestly inadequate as to justify its revision by an appellate court. It did not proceed upon wrong principle or any misapprehension of the facts, and different minds could reasonably reach a different conclusion upon the matter. We cannot interfere with it without violating the salutary rule

not to change the decree of the court below in salvage causes unless there is an exceedingly strong case made out of abuse or palpable mistake in the exercise of its discretion. It was considerably more liberal to the salvor than the decrees in two recent cases in the English courts presenting a striking similarity to this in all the elements which constitute the basis of an award. The Ulysses, London Shipp. Gaz. Lloyd's List, July 19, 1895; The Julio, Id., March 22, 1895.

The decree is affirmed, but without costs.